UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PAULA P.,[1]                                                                    3:20-cv-1172-JR

                              Plaintiff,

                                                                        OPINION AND ORDER

                    v.

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

_____

Russo, Magistrate Judge:

        Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final

decision denying plaintiff's application for supplemental security income.  Plaintiff asserts

disability beginning January 11, 2010,[2] due to knee injury, MRSA, derma fibroma, uterine

fibroids/cysts, depression, anxiety, insomnia, shoulder pain, and lymphoma. Tr. 228, 255.  After a

hearing held on March 15, 2019, an Administrative Law Judge (ALJ) determined plaintiff was not

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.
[2] During the hearing, plaintiff amended the alleged onset date to May 20, 2016.  Tr. 57

disabled. Tr. 56, 13-28.   The Commissioner's decision is reversed and remanded for further proceedings.

Plaintiff contends the ALJ erred by: (1) rejecting plaintiff's symptom testimony; (2) rejecting the opinion of Dr. Gina Bullock; (3) and rejecting the opinion of Dr. Shauna Ensminger.

A.      Plaintiff's Testimony

Plaintiff asserts a worsening of her orthopedic conditions including severe pain in her feet and knees and a burning sensation in her feet that affects her ability to stand or walk for prolonged periods of time.  Plaintiff states she often has to limp or crawl to the shower or bathroom to avoid the pain caused by standing or walking.  Additionally, plaintiff contends her symptoms affect her ability to sit for prolonged periods and cause difficulty sleeping, squatting, bending, kneeling, and climbing stairs, as well as make it difficult for her to maintain her personal hygiene and grooming. Further, plaintiff states she experience joint pain in her shoulders and fingers that cause difficulty in dressing herself, lifting, reaching, grasping, writing, and picking up items.  Tr. 288-91.

The Commissioner asserts the ALJ provided three clear and convincing reasons for rejecting plaintiff's symptom testimony to the extent it demonstrated an inability to work:  (1) plaintiff's complaint did not comport with the medical evidence; (2) plaintiff's testimony about her foot pain was inconsistent with reports to her treatment providers; and (3) the observations of an investigator from the Cooperative Disability Investigation Unit (CDIU) undermined plaintiff's allegations.

1.      Medical Evidence

The ALJ found that the objective medical evidence, while supporting a conclusion that plaintiff's musculoskeletal impairments result in some degree of functional limitation, shows she

is not limited to the extent alleged.  Tr. 21-22.  Plaintiff primarily complains about issues with her feet including plantar fascial fibromatosis and hallux valgus.  See, e.g., Tr. 648-49.

If plaintiff produces objective medical evidence of an underlying impairment, an ALJ may not reject her subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations.  See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009).  Plaintiff underwent several surgeries to remove fibromas, however they repeatedly returned.  Tr. 539; see also Tr. 438 (As of August 28, 2015, plaintiff had 3 surgeries on both feet for removal of excessive fibrotic tissue and plantar fasciotomy. She sees a podiatrist regularly for this and will likely need more surgeries in the future.).  The record supports impairments that could reasonably be expected to produce some degree of the symptoms alleged.

### 2.    Inconsistent Reports

The ALJ notes that despite plaintiff's assertion that she is forced to crawl as a result of her foot pain, she has never asserted to a medical provider that she is limited to crawling due to her symptoms.  Tr. 22.  Plaintiff's counsel speculates, based on certain medical evidence regarding right hand pain and a statement that "she does push herself up off her hands quite frequently since she has chronic issues with her feet," tr. 753, that the record supports she complained of such issue. The ALJ rationally concluded the medical record fails to support complaints of plaintiff's need to crawl due to foot pain.

An ALJ may use "ordinary techniques of credibility evaluation" when assessing a claimant's credibility. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). A claimant's inconsistent statements may reasonably suggest that the claimant is not entirely candid when reporting history or symptoms. E.g., Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ appropriately concluded that plaintiff's inconsistent allegations to the Agency versus

statements to her medical providers suggested plaintiff was less than credible regarding the extent of the limitations caused by her pain.  See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) (inconsistencies between claimant's testimony and medical evidence are proper grounds to discredit testimony); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (inconsistent statements may undermine claimant's allegations).

    3.    CDIU Observations

On December 28, 2016, the Salem, Oregon Cooperative Disability Investigations Unit (CDIU), initiated an investigation into allegations that plaintiff was suspected of obtaining fraudulent social security benefits.  Tr. 510.  Among the observations made by the CDIU during a January 5, 2017 interview with plaintiff were the following:

> When [plaintiff] came to the door, she was wearing either a large T-shirt or some type of bedclothes. She was barefoot and the temperature was freezing or very close to freezing. [Plaintiff] brought with her a pair of white gym socks, and while standing in the doorway, she stood on one foot and put a sock on the other foot and repeated this process for the other foot. [Plaintiff] was standing before and during this process, and even though she leaned on the doorframe to put on the socks, she displayed more than adequate balance and station without demonstrating or vocalizing any weakness, pain or discomfort in either foot.
> …. SA Culley and SA Slafsky waited in the driveway for [plaintiff] to dress and within several minutes she walked from the front door to the driveway, a distance of more than 20 yards. As [plaintiff] walked to the area where SA Culley was standing, she demonstrated some uneven steps, however, her gait and forward progress was adequate and she did not demonstrate pain or discomfort from walking.
> ….
> Shortly after … the interview was concluded [plaintiff] walked to the mailbox at the curb in front of the residence and walked back to the house again demonstrating an adequate gait and balance in her walk.

Tr. 512-13, 14.

Such observations during a short interview normally would not appear to conflict with a claim of an inability to work full-time.  Cf. Om v. Colvin, 545 F. App'x 665, 667 (9th Cir. 2013) (seeming lack of emotional or physical problems during her brief interview with CDIU does not

conflict with her claimed disability).  However, plaintiff specifically asserted she "cannot stand or walk," (TR 288) and that she can "usually put on her P.J.s **but not her socks** and sometimes not anything at all."  Tr. 290 (emphasis added).  Indeed, plaintiff stated she has to crawl or limp to the toilet.  Tr. 290.  Plaintiff made these statements on September 19, 2016, about four months prior to the CDIU observations.  The observations directly contradict plaintiff's statements and the ALJ did not err in finding the CDIU observations demonstrate a lack of credibility regarding plaintiff's allegations of disabling pain.  Accordingly, the ALJ did not err in rejecting plaintiff's testimony.

B.       Opinion of Gina Bullock, D.P.M.

Dr. Bullock is plaintiff's treating physician for her foot problems.   On May 30, 2018, Dr. Bullock opined that plaintiff "needs a sedentary job position."  Tr. 649, 651.  The ALJ gave little weight to the opinion because:

> her reference was vague and failed to articulate an analysis or description of the claimant's physical limitations and abilities.  Additionally, the undersigned notes Dr. Bullock's opinion pertains to vocational work issues outside of her area of expertise.  Moreover, opinions regarding issues of whether a claimant has a "severe" impairment or statements using our programmatic terms such as "sedentary" are reserved to the Commissioner of the Social Security Administration.

Tr. 23.

A medical opinion that fails to specify functional limitations is inadequate to allow the ALJ to determine residual functional capacity.  Ford v. Saul, 950 F.3d 1141, 1156 (9th Cir. 2020). Where the medical opinion relies on technical terms as used by the Administration but does not indicate their use as defined by the Administration, the ALJ need not provide the appropriate reasoning to discredit it.  Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995).  Here, the opinion does not indicate Dr. Bullock understood the term "sedentary" as defined under the regulations at

20 C.F.R. § 404.1567(a) and did not otherwise provide any limitations for the ALJ to interpret. Accordingly, the ALJ did not err with respect to Dr. Bullock's opinion.

C.      Opinion of Shauna Ensminger, M.D.

On December 28, 2018, Dr. Ensminger opined that plaintiff is limited to walking and standing for less than two hours a day, only occasionally able to twist and stoop, and only rarely crouch, or climb stairs or ladders. Tr. 655-56. In addition, Dr. Ensminger opined that plaintiff would be absent from work about three times a month. Tr. 657. The ALJ afforded only partial weight to the opinion because:

> her chart notes do not reflect corresponding objective medical findings of abnormality that could reasonably be considered consistent with the longitudinal medical evidence of record. Such evidence includes the generally benign examination findings reported upon repeated physical examination, including Dr. Ogisu's findings obtained upon consultative examination (Exhibit l 1F) that showed no significant strength, range of motion or sensation deficits in her upper and lower extremities. The undersigned finds the objective evidence of record does not support the unduly restrictive functional limitations reported by Dr. Ensminger, particularly with reference to her capacity for standing/walking and the likelihood of impairment-related absenteeism.

Tr. 24.[3]

The ALJ's conclusion that Dr. Ensminger's report is not supported by objective medical evidence is insufficient. It does not reach the level of specificity required in order to reject the opinion of a treating physician. Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain

---

[3] The ALJ also noted the opinion was inconsistent with plaintiff's daily activities. However, the Commissioner concedes plaintiff's daily activities do not contradict Dr. Ensminger's report.

why they, rather than the [treating] doctors', are correct.") (footnote omitted).  Accordingly, the ALJ erred with respect to Dr. Ensminger's opinion.

D.    Remand

Plaintiff asserts a remand for benefits is necessary because Dr. Ensminger's opinion, when credited as true, establishes disability.

If the ALJ erred in some respect in reaching a decision to deny benefits and the error was not harmless, ordinarily, the remedy is to remand for further proceedings.  Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).  A remand for an award of benefits should only be made in rare circumstances.  Id. at 1100.

To remand for an award of benefits under the credit-as-true rule, the Court should first ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence.  Id.  Here, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Ensminger's opinion.

The Court should next ask whether the record has been fully developed, i.e., whether there are outstanding issues that must be resolved before a determination of disability can be made and whether further administrative proceedings would be useful.  Id. at 1101.  Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may prove enlightening in light of the passage of time.  Id.

Finally, if no outstanding issues remain, the Court must determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding.  Id.  Even if all three requirements are met, remand for further proceedings is still within the Court's discretion.  Id. at 1102.

The ALJ did find that there is conflicting medical evidence in the record and the observations of the CDIU investigator do call into doubt the appropriate outcome of the proceeding. Moreover, Dr. Ensminger's opinion may have been overly influenced by plaintiff's subjective complaints which may lack credibility. Further, Dr. Ensminger could not estimate an alleged onset date. Tr. 657. The Court finds this is not the rare case in which a remand for an award of benefits is justified because remand for further proceedings to further address Dr. Ensminger's opinion would be useful. The parties may revisit any other issue upon remand as they relate to Dr. Ensminger's opinion.

<u>CONCLUSION</u>

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this 21st day of July, 2021.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge